UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIE LEE HARPER,

     Plaintiff,

v.                                                                    Case No. 8:02-cv-1607-T-23EAJ

FRANK TWOHIG, *et al.*,

     Defendants.

                                             /

## **O R D E R**

Willie Harper's civil rights complaint alleges that prison officials at Hardee

Correctional Institution retaliated against him because he appealed a grievance to the

Secretary of the Department of Corrections that resulted in the reversal of the Hardee

prison officials' decision to confiscate Harper's radio, headphones, and watch.  The

defendants were granted summary judgment on Harper's conspiracy claim, but summary

judgment was denied on Harper's retaliation claim (Doc. 50).  Pending is the defendants'

motion for summary judgment (Doc. 55), which Harper opposes (Doc. 58).

Summary judgment is proper "if pleadings, depositions, answers to interrogatories,

and admissions on file, together with the affidavits, if any, show that there is no genuine

issue as to any material fact and that the moving party is entitled to a judgment as a matter

of law."  Fed. R. Civ. P. 56.  See *In re Optical Technologies, Inc.*, 246 F.3d 1332, 1334

(11th Cir. 2001).  The party moving for summary judgment has the initial burden of

showing the absence of a genuine issue of material fact.  *Johns v. Jarrard*, 927 F.2d 551,

555 (11th Cir. 1991).  The material before the court must be viewed in the light most

favorable to the non-moving party and show that the non-moving party is not entitled to

relief under any set of facts alleged in the complaint.  *See generally*, *Allen v. Tyson Foods,*

*Inc.,* 121 F.3d 642 (11th Cir. 1997); *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590 (11th Cir. 1995).  Even though allegations in a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam), *Tannenbaum v. United States*, 148 F.3d 1262 (11th Cir. 1998), the allegations must have factual support.  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."  *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1321 (11th Cir.) (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986))*, reh'g and suggestion for reh'g en banc denied*, 182 F.3d 938 (11th Cir.), *cert. dismissed*, 528 U.S. 948 (1999).

Once the movant presents evidence which, if not controverted, would entitle the movant to a directed verdict at trial, the burden then shifts to the non-moving party to set forth specific facts demonstrating that there is a genuine issue for trial.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Pennington v. City of Huntsville*, 261 F.3d 1262 (11th Cir. 2001).  If the factual context makes one party's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Wood v. City of Lakeland*, 203 F.3d 1288 (11th Cir. 2000).  *See also Cuesta v. School Bd. of Miami-Dade County*, 285 F.3d 962, 970 (11th Cir. 2002) ("A court need not permit a case to go to a jury, however, when the inferences that are drawn from the evidence, and upon which the non-movant relies, are 'implausible.'").  A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the differing versions of the truth.  *Anderson*, 477 U.S. at 248.

Harper's remaining claim is that his re-assignment from "inmate law clerk–certified" to "wellness labor" was in retaliation for his successful use of the prison grievance process. The parties agree that an inmate has no constitutionally protected liberty interest in a work assignment. *Adams v. James*, 784 F.2d 1077 (11th Cir. 1986). However, the constitution proscribes retaliation against an inmate who exercises a constitutional right, such as free speech (in this instance, use of the prison grievance procedure). *Thomas v. Evans*, 880 F.2d 1235 (11th Cir. 1989). Consequently, the only question is whether the defendants had a valid, penological reason for re-assigning Harper.

The defendants' previous motion for summary judgment was denied because the motion failed to assert specific facts to support the re-assignment. See Order at 6 (Doc. 50). The defendants now provide affidavits and documents showing that Harper's re-assignment was caused by a complaint to prison authorities that Harper, who had been working on a particular inmate's legal materials, failed to return the inmate's legal materials to the inmate or the inmate's family. This explanation shows that the re-assignment was not based on retaliation.

Accordingly, the motion for summary judgment (Doc. 55) is **GRANTED**. The clerk shall enter a judgment for the defendants and **CLOSE** this action.

ORDERED in Tampa, Florida, on February 28, 2006.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

SA/ro